IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1908, IN
THE NINETY-SECOND AND NINETY-THIRD
YEARS OF THE STATE.

BELL ET AL. *v.* RANDOLPH ET AL.

[No. 6,462.   Filed June 2, 1908.]

1. APPEAL.—*Record.—Omissions.—Interrogatories.—Instructions.*—
Where the transcript on appeal shows that the complaint and
cross-complaint consisted of two paragraphs each, issues being
joined thereon, and but one paragraph of each is set out, the
overruling of the motion for judgment on the answers to the
interrogatories to the jury presents no question on appeal, even
though the judge in an instruction said that but the one para-
graph of each was before the jury.   p. 2.

2. SAME.—*Issues.—How Determined.—Dismissal.—Effect.*—The is-
sues presented to the jury on the trial are determined, on appeal,
from the record; and a dismissal as to one of the parties does
not have the effect of dismissing a paragraph of complaint in-
volving his coparty.   p. 3.

3. SAME.—*Order-Book Entry.—Instructions.—Conflict.*—Where an
order-book entry fails to disclose that a paragraph of complaint
and one of cross-complaint were dismissed, but the judge in an
instruction says they are not before the jury, the order-book
entry controls.   p. 3.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by Louisa F. Bell and others against Thomas F.
Randolph and another. From a judgment for defendants,
plaintiffs appeal. *Affirmed.*

*A. E. Lisher* and *William Ward Cook,* for appellants.
*Elmer Bassett* and *Hord & Adams,* for appellees.

RABB, C. J.—This case is before this court upon a partial record of the proceedings had in the court below. The transcript before us discloses that appellants filed a complaint in the court below in two paragraphs, only the second of which appears in the record. The appellees filed a cross-complaint in two paragraphs, only the second of which appears in the record. Issues were formed upon both the complaint and the cross-complaint, as appear by the record before us. These issues were submitted to a jury for trial, and upon them a general verdict was returned in favor of appellees, together with answers to interrogatories, which appear in the record. A bill of exceptions, setting out the court's instructions to the jury, also appears in the record, but the evidence is not incorporated in the bill of exceptions. A motion was made in the court below by the appellants for a judgment in their favor upon the answers to the interrogatories notwithstanding the general verdict, and the action of the court in overruling this motion is the only alleged error presented here as ground for a reversal.

No question is presented by this record upon the action of the court in overruling this motion, for the reason that the first paragraph of the complaint and the first paragraph of the cross-complaint are not presented in the record. The verdict of the jury was upon all the issues in the case, and what issues were presented by these pleadings we are not advised.

Counsel for appellants rely upon the fact that the court, in its instructions to the jury, states that "the amended complaint consists of one paragraph," and that the "defendant Thomas R. Randolph has filed a cross-complaint, the second paragraph of which is before you," as establishing the fact that the sole issues presented to the jury were those arising upon the second paragraph of the complaint and the second paragraph of the cross-complaint.

This court, however, must determine what issues were presented to the jury by the record. The record discloses that

the issues in the case were submitted to the jury for trial, and it discloses affirmatively that issues were formed upon both the first paragraph of the complaint and the first paragraph of the cross-complaint, and it nowhere is shown by the record that either of these paragraphs was withdrawn or dismissed. The dismissal of the cause as to one of the defendants did not have the effect to dismiss either paragraph of the complaint, and the order-book entries of the record in the case are controlling as to what issues were presented to the jury for trial, over the instructions given by the court to the jury, when there is a conflict between them. Such being the state of the record, we think that no error is disclosed.

The judgment of the court below is affirmed.

Roby, J., absent.